HILLSBOROUGH, APRIL TERM, 1822.

### SAMUEL FOSTER *vs.* NATHANIEL SHATTUCK *et al.*

A note payable to *M. F.* or *order*, cannot be sued in the name of an endorsee, un-less negotiated by the same *M. F.*, who was intended to be the payee.
Where no particular person of that name was intended to be the payee, or had any interest in the note, the name of the payee is to be regarded as fictitious.
In such case, where money passed between the parties to the action, a recovery may be had on the money counts ; and when it did not pass between them, a re-covery can be had on a count, alleging the note to be made payable to bearer.

THIS was assumpsit on a promissory note, made by the defendants. The note was dated July 27, 1808, for $1666 67, payable to *Moses Foster*, or order, in three years, and was declared on as having been endorsed to the plaintiff by the payee in July, 1819.

At the trial here, October term, 1820, the signature of the note was admitted, but the endorsement of it appeared to have been made by a person in Milford, of the name of *Moses Foster*.

The defendants contended, that one *Moses Foster*, of Andover, was intended to be the payee, and the cause being submitted to the jury, they found that the plaintiff alone had always possessed the note, and loaned the money for which it was given to two of the defendants, and that no person by the name of *Moses Foster* had ever possessed any interest in it, or been particularly intended as payee. On this finding, the cause was continued for advisement.

*E. Parker*, counsel for the plaintiff.

*S. K. Livermore* and *Shattuck*, for the defendants.

WOODBURY, J. The counsel in this case have exhibited different statements of the evidence and the verdict ; but our remarks will be predicated on the cause as above detailed from our own minutes.

From these it appears, that though the whole interest of this note ever has been in the plaintiff, yet it was made payable to *Moses Foster*, or order. Hence he must claim through some person of that name, who was intended as the payee, if any particular person was so intended. But the jury having found, that no person in particular of that name was intended as payee, no person was authorized to endorse it ; because every negotiable note must be negotiated by the person (or his representative) to whom the note was made payable, and not by a person of the same name. 1 *Hen. Bl.* 607.—4 *D. & E.* 28, *Mead vs. Young.*—*Chitt. B.* 92.

When a note, however, is made payable to the name of some person, not having any interest, and not intended to become a party in the transaction, whether a person of such a name is or is not known to exist, the payee may be deemed fictitious. The name is assumed merely to give form to the instrument. In such case, it has been adjudged, that a recovery can be had on the money counts, by the actual creditor, when money passed between the parties in the action. 3 *D. & E.* 174, *Taltuck et al. vs. Harris.*—1 *Camp. N. P.* 130, *Bennett vs. Farnell.*

But here one of the defendants was merely a surety, and had received no money of the plaintiff. The only remaining mode to warrant a recovery is in a count on the note as payable to bearer, after alleging that the nominal payee is fictitious. This construction of such an instrument has been opposed by some eminent jurists, and in the Napoleon code such a note is declared void ; but still it has received the sanction in England of the courts of common pleas, king's bench and parliament. 1 *Hen. Bl.* 321, *Collis vs. Emmett ;* 607, *Gibson et al. vs. Minet.*—3 *D. & E.* 182, *Vere et al. vs.*

Foster<br>vs.<br>Shattuck et al.

*Lewis et al.* ; 483, *Minet vs. Gibson.—Chitt. Bills* 58.—*Sed.* 1 *Camp. N. P.* 130.

We are inclined to adopt this construction, in order to prevent the note from becoming a mere nullity, when founded on a full and fair consideration. Such construction injures nobody, and is no more forced than to hold, that when the name of the payee is left blank, " it is the same thing as if " the defendant had made the bill payable to bearer." 2 *Maul. & Selw.* 91, *Cruchly vs. Clarence.*

But to enable the plaintiff to recover under this view of the case, a new count must be filed, and for that purpose, the verdict be set aside, and the cause stand open for a new trial. On that trial the facts can be more fully investigated as to the person actually intended as payee in the note.

The parties, however, effected a compromise before judgment was entered ; and the plaintiff became nonsuit.

